WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Michael Folta, | No. CV-14-01562-PHX-PGR (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Van Winkle, et al., | |
| Defendants. | |

Pending before the Court are a number of motions. The Court has reviewed the motions and issues its orders as set forth below.

## I. DISCUSSION

### A. Motions Pertaining to Service of Defendant Basso

On October 26, 2015, Plaintiff filed a "Motion for Service by Publication as to Defendant Richard Basso" (Doc. 61). On November 13, 2015, Defendants filed a "Motion to Extend the Time to Respond to Plaintiff's Motion for Service by Publication (Doc. 61)" (Doc. 65) and a "Response in Opposition to Plaintiff's Motion for Service by Publication [Doc. 61]" (Doc. 66). For good cause shown, Defendants Motion to Extend the Time to Respond (Doc. 65) is granted.

In his Motion (Doc. 61), Plaintiff requests to serve Defendant Basso by publication. Defendants oppose Plaintiff's Motion because the Arizona Attorney General's Office has obtained Defendant Basso's home address. (Doc. 66).

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be made in any manner provided for under state law.  Service by publication is permitted under Rule 4.1(n) of the Arizona Rules of Civil Procedure.  Arizona law requires that prior to seeking service by publication, a plaintiff must provide an affidavit or declaration evidencing that the plaintiff exercised due diligence to locate a defendant to effect personal service.  *Barlage v. Valentine,* 210 Ariz. 270, 273 (Ariz. Ct. App. 2005).  Plaintiff has not provided such an affidavit or declaration.  Moreover, Defendants indicate that Defendant Basso's home address is now known.  Plaintiff's "Motion for Service by Publication as to Defendant Richard Basso" (Doc. 61) is denied.  Defendants' "Motion for Leave to File Under Seal Defendant Basso's Home Address" (Doc. 67) is granted.  Defendants shall file under seal the home address of Defendant Basso by **January 19, 2016**.  Upon receipt of the address, the Clerk of Court shall prepare and send to the U.S. Marshal a service packet for service of the Summons and Complaint upon Defendant Basso.  The time for completing service is extended sixty days from the date this Order is filed.

**B. Defendants' "Motion to Strike Plaintiff's First Amended Complaint (Doc. 60)" (Doc. 64)**

In its October 2015 Order (Doc. 56), the Court granted Plaintiff's "Motion for Leave to File Amended Complaint."  As Plaintiff submitted only a redline version of the proposed First Amended Complaint with his Motion for Leave, the Court ordered Plaintiff to file a "clean" version of the First Amended Complaint. (*Id.* at 4).  On October 26, 2015, Plaintiff filed a "clean" version of the First Amended Complaint (Doc. 60).

On November 5, 2015, Defendants filed a "Motion to Strike Plaintiff's First Amended Complaint (Doc. 60)" (Doc. 64).  Defendants request that the Court strike Plaintiff's First Amended Complaint on the ground that Plaintiff failed to comply with the Court's Order (Doc. 56) by including language in the "clean" version of the First Amended Complaint that was not present in the redline version.  In the alternative, Defendants request that the Court screen the First Amended Complaint pursuant to 28

U.S.C. § 1915A(a).

The Court has reviewed the additional language included in the "clean" version of the First Amended Complaint and does not find that it substantially alters the claims presented in the redline version. Accordingly, Defendants' "Motion to Strike Plaintiff's First Amended Complaint (Doc. 60)" (Doc. 64) is denied. The Court will screen the First Amended Complaint by separate order.

### C. Defendants' "Motion to Strike Plaintiff's Filings (DKTS. 8, 9, 14, and 17)" (Doc. 75)

Defendants request that the Court strike the following four documents filed by Plaintiff: (i) "Declaration by Plaintiff Shawn Folta . . ." (Doc. 8); (ii) "Prisoner Civil Rights Complaint Amended by Plaintiff Shawn Folta Request to Supplement Facts in Support of Original Claim" (Doc. 9); (iii) "Declarations of Garrot Jason Deetz and Mark Sanchez in Support of Shawn Michael Folta" (Doc. 14); and (iv) "Declaration of Facts in Support of Claim" (Doc. 17). In his Response (Doc. 78), Plaintiff states that "Doc. # 8, 9, 14, 17 can be striken [sic] in violation of the court's rules." It appears that Plaintiff filed the documents in an attempt to disclose them to Defendants during discovery. The documents filed as Document Nos. 8, 9, 14, and 17 are deemed disclosed on Defendants; the disclosure date of each particular document is deemed to be date the document was filed. Defendants' "Motion to Strike Plaintiff's Filings (DKTS. 8, 9, 14, and 17)" (Doc. 75) is granted.

### D. Plaintiff's "Motion to Compel Production of Documents" (Doc. 76)

On December 14, 2015, Plaintiff filed a "Motion to Compel Production of Documents" (Doc. 76). Plaintiff states that on November 10, 2015, he hand-delivered to Defendants a request for production of documents and an interrogatory. Defendants oppose Plaintiff's Motion (Doc. 76), asserting that Plaintiff did not confer in good-faith with Defendants prior to filing the Motion. Defendants do not articulate an objection to the substance of Plaintiff's discovery requests. The Court's April 20, 2015 Scheduling Order (Doc. 34 at 3) states that "**the Court will NOT consider a motion regarding discovery matters**" unless two conditions have been met. First, the parties must have

attempted to resolve the matter through personal consultation and sincere effort as required by Rule 7.2(j) of the Local Rules of Civil Procedure. (*Id*.). Second, the parties must have participated in a discovery conference with the Court, unless the Court finds that a discovery conference is not appropriate. (*Id*.). The Court's Scheduling Order warned the parties that the Court may strike a discovery motion that is filed in noncompliance with the Court's Order. (*Id*.).

On January 12, 2016, Plaintiff filed a "Suppliment [sic] to reply # 8" (Doc. 82). Plaintiff avers that he made three good faith efforts to acquire the disciplinary histories of correctional officers II ("CO II") Burke, Basso, and Schiavo. Plaintiff asserts that counsel for Defendants stated that she would provide any disciplinary history for those individuals that pertained to violations similar to the violations alleged by Plaintiff. The Court finds that the information sought by Plaintiff as to CO II Burke is relevant, not privileged, and within the scope of discovery as set forth in Rule 26(b) of the Federal Rules of Civil Procedure.

Though Plaintiff's "Motion to Compel Production of Documents" (Doc. 76) technically does not comply with the requirements set forth in the Court's Scheduling Order (Doc. 34), the Court finds that a discovery conference is not needed. In light of Plaintiff's "Suppliment [sic] to reply #8" and Defendants' Response, it is ordered granting Plaintiff's Motion to Compel (Doc. 76) in part. By February 16, 2016, counsel for Defendants shall produce any and all disciplinary history pertaining to Defendant CO II Burke. Plaintiff's discovery request is premature as to Defendant CO II Basso, who has not yet been served or appeared in this action. Plaintiff's discovery request is also premature as to CO II Schiavo, who is not a party in this case. Although CO II Schiavo is named as an additional defendant in Plaintiff's proposed First Amended Complaint, the Court has not yet screened Plaintiff's First Amended Complaint. Accordingly, the Motion to Compel (Doc. 76) is denied as to CO II Schiavo and Defendant CO II Basso.

**E. Plaintiff's "Motion for Default Judgement [sic] Against Dustin Burke" (Doc. 62)**

In his Motion (Doc. 62), Plaintiff seeks default judgment against Defendant Burke. The "Motion for Default Judgement [sic] Against Dustin Burke" (Doc. 62) is arguably a dispositive motion. Accordingly, the Motion (Doc. 62) is referred to the District Court Judge for consideration.[1]

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendants' "Motion to Extend the Time to Respond to Plaintiff's Motion for Service by Publication (Doc. 61)" (Doc. 65).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Service by Publication as to Defendant Richard Basso" (Doc. 61).

**IT IS FURTHER ORDERED** granting Defendants' "Motion for Leave to File Under Seal Defendant Basso's Home Address" (Doc. 67). Defendants shall file under seal the home address of Defendant Basso by **January 19, 2016**. Upon receipt of the address, the Clerk of Court shall prepare and send to the U.S. Marshal a service packet for service of the Summons and Complaint upon Defendant Basso. The time for completing service is extended sixty days from the date this Order is filed.

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Strike Plaintiff's Filings (DKTS. 8, 9, 14, and 17)" (Doc. 75). The Clerk of Court is directed to strike the documents docketed as Document Nos. 8, 9, 14, and 17.

**IT IS FURTHER ORDERED** denying Defendants' "Motion to Strike Plaintiff's First Amended Complaint (Doc. 60)" (Doc. 64).

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's "Motion to Compel Production of Documents" (Doc. 76) as set forth herein. By February 16, 2016, counsel for Defendants shall produce any and all disciplinary history

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge only has the authority to hear and determine certain "non-dispositive" pretrial motions in cases where the parties have not consented to a magistrate judge's exercise of jurisdiction.

- 5 -

1  pertaining to Defendant CO II Burke.

2  **IT IS FURTHER ORDERED** that "Motion for Default Judgement [sic] Against

3  Dustin Burke" (Doc. 62) is referred to the District Court Judge.

4  Dated this 13th day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge