WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Michael Folta, | No. CV-14-01562-PHX-PGR (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Van Winkle, et al., | |
| Defendants. | |

Pending before the Court are a number of motions. The Court has reviewed the motions and issues its rulings as set forth below.

## I. DISCUSSION

### A. Defendants' "Motion for Clarification of an Order (Doc. 104)" (Doc. 120)

On November 19, 2014, the Court issued an order requiring Defendants Burke, Basso, and Contreras to answer Plaintiff's three-count Complaint (Doc. 1). (Doc. 13). The Court granted Plaintiff's request for leave to file a First Amended Complaint that amended Counts Two and Three and named as additional defendants Correctional Officer II Schiavo and Deputy Warden Van Winkle. (Doc. 56). Plaintiff filed his First Amended Complaint (Doc. 60),[1] and on April 13, 2016, the Court issued a screening order (Doc. 104) requiring Defendants Burke, Basso, and Contreras to answer Counts One, Two, and

---

[1] The "clean" version of Plaintiff's First Amended Complaint contained minor changes to Count One. The Court denied Defendants' "Motion to Strike Plaintiff's First Amended Complaint (Doc. 60)" (Doc. 64). (Doc. 84).

Three of the First Amended Complaint. The Court dismissed without prejudice Deputy Van Winkle and ordered Defendant Schiavo to answer Count Three.

On May 19, 2016, Defendants filed a "Motion for Clarification of an Order (Doc. 104)" (Doc. 120). Defendants seek clarification as to whether Defendant Basso must respond to Count One of the First Amended Complaint. The Court ordered Defendant Basso to answer the original three-count Complaint. Plaintiff's First Amended Complaint did not materially amend Count 1. The Court's April 13, 2016 Order (Doc. 104) speaks for itself and no further clarification is needed. Moreover, as Defendant Basso has answered all three counts of the First Amended Complaint, the Motion for Clarification is now moot. (Doc. 121 at 2). Defendants' Motion for Clarification (Doc. 120) will be denied.

### B. Defendants' "Motion to Strike Stacey [sic] Estes Scheff's Limited Notice of Appearance (DKT. 118) and Request to Provide Guidance" (Doc. 122)

On May 10, 2016, attorney Stacy Scheff filed a "Notice of Appearance (Limited Scope—Motion for Sanctions re: Doc 111)" (Doc. 118) (the "Limited Notice of Appearance"). The Limited Notice of Appearance states that the "Law Office of Stacy Scheff hereby enters its appearance" for Plaintiff for the "limited scope of pursuing a Motion for Sanctions against Assistant Attorney General Lucy Rand, and Defendants Contreras & Burke arising from Doc. 111, Motion for Reconsideration."

On May 31, 2016, Defendants filed a "Motion to Strike Stacey [sic] Estes Scheff's Limited Notice of Appearance (DKT. 118) and Request to Provide Guidance" (Doc. 122). Defendants assert that no local or federal procedural rule allows an attorney to make a limited scope appearance in the United States District Court for the District of Arizona and move to strike the Limited Notice of Appearance. (Doc. 122).

The Federal Rules of Civil Procedure do not expressly authorize or prohibit an attorney's limited scope appearance in a federal action. While the Local Rules of Civil Procedure in some districts expressly authorize limited scope appearances, the Local Rules of Civil Procedure in the District of Arizona are silent as to such appearances. *See, e.g.,* D. Kan. Civ. R. 83.5.8; D.N.H. Civ. R. 83.7.

Rule 83(b) of the Federal Rules of Civil Procedure provides that when there is no controlling law, a "judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." As Defendants acknowledge (Doc. 134 at 2), judges in the District of Arizona have allowed attorneys to appear in prisoner civil rights cases for the limited scope of participating in the Court's inmate mediation program. A limited scope appearance is not inconsistent with federal law or the Federal and Local Rules of Civil Procedure. The Court therefore finds that under Rule 83(b), it may allow Ms. Scheff to appear for the limited purpose of pursuing sanctions with respect to Defendants' Motion for Reconsideration. The Court further finds good cause to permit Ms. Scheff to make a limited scope appearance for that purpose. Accordingly, the Court will deny Defendants' "Motion to Strike the Stacey [sic] Estes Scheff's Limited Notice of Appearance (DKT. 118)" (Doc. 122).

The Court will grant Defendants' "Request to Provide Guidance" (Doc. 122) as follows: unless the Limited Notice of Appearance (Doc. 118) is amended, Ms. Scheff is allowed to participate in this matter only with respect to (i) Plaintiff's "Notice of Intent to Seek Sanctions" (Doc. 119); (ii) Plaintiff's "Motion for Sanctions Re: Doc 111" (Doc. 125); (iii) Defendants' "Motion to Strike Notice of Intent to Seek Sanctions . . . ." (Doc. 123); and (iv) Defendants' "Motion to Strike or Summarily Deny Motion for Sanctions (doc. 125)" (Doc. 127).

**C. Defendants' "Motion to Strike Notice of Intent to Seek Sanctions and Exhibit (Dkts. 119, 119-1) and to Bar Motion for Sanctions" (Doc. 123)**

On May 10, 2016, Plaintiff, through his limited scope attorney, filed a "Notice of Intent to Seek Sanctions" (Doc. 119) stating that unless Defendants withdraw their Motion for Reconsideration (Doc. 111) within twenty-one days, Plaintiff will seek sanctions pursuant to Rule 11 of the Federal Rules of Procedure. Attached to the Notice is a "Motion for Sanctions re: Doc 111" (Doc. 119-1). In a May 31, 2016 Motion (Doc. 123), Defendants moved to strike the Notice (Doc. 119).

As Defendants recount (Doc. 123 at 2), Rule 11 provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the

- 3 -

court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." (emphasis added). In opposing Defendants' Motion to Strike (Doc. 123), Plaintiff argues that "the intent of the safe harbor provision is that the party *receive* the proposed motion so that they may consider whether to withdraw it. Therefore the safe harbor provision was satisfied when Defendants *received* the proposed motion via AZDC ECF."[2] (Doc. 131 at 2) (emphasis in original). Plaintiff also argues that the Motion for Sanctions was not "presented" to the Court when Plaintiff attached it as an exhibit to the Notice. (*Id.*). Rather, "it was only attached as an exhibit to effect service on the Defendants, as well as making a record of the motion that was to be filed so there could be no dispute over the precise contents of the motion." (*Id.*).

Plaintiff's arguments are not persuasive. First, Rule 11 plainly states that a Motion for Sanctions "must not be filed or be presented to the court" if the challenged paper is withdrawn or corrected within the twenty-one day safe harbor period. There is no question that the Motion for Sanctions was filed with the Court when Plaintiff attached it to the Notice, thereby violating the procedural requirements set forth in Rule 11. Second, by filing the Notice, Plaintiff has defeated the objective of the safe harbor provision, which "is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir.

---

[2] Plaintiff cites an Advisory Committee note to the 1993 amendments to Rule 11, which states that the provisions in Rule 11 are "intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after **receiving** the motion, it refuses to withdraw that position . . . ." Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) (emphasis added). However, Rule 11(c)(2) explicitly states that the motion for sanctions must be served under Rule 5. *See Gal v. Viacom Intern., Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock . . . ."); *BCJJ, LLC v. LeFevre*, No. 8:09–CV–551–T–17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012) (denying a defendant's motion for sanctions for failure to comply with safe harbor provision because although the defendant emailed the unfiled motion to the plaintiff, there was no indication that the plaintiff consented in writing to electronic service of the motion).

2005) (emphasis added); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) ("Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions."); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed.) (noting that one purpose of Rule 11 is to "encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process"). Defendants' Motion to Strike (Doc. 123) will be granted. For the reasons explained below, Plaintiff's Motion for Sanctions (Doc. 125) will be denied.[3]

### D. Defendants' "Motion to Strike or Summarily Deny Motion for Sanctions (doc. 125)" (Doc. 127)

As discussed above, Plaintiff violated Rule 11(c)(2) by filing his Notice of Intent to Seek Sanctions (Doc. 119). This violation alone warrants denial of the Motion for Sanctions. *See Radcliffe*, 254 F.3d at 789 ("[T]he procedural requirements of Rule 11(c)[2]'s 'safe harbor' are mandatory.") (citing *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998). Further, as detailed below, Plaintiff filed the Motion for Sanctions (Doc. 125) prior to the expiration of the safe harbor period.

The Court will assume *arguendo* that Plaintiff's Notice was properly served in accordance with Rule 5(b)(2)(E) by utilizing the Court's electronic case filing system.[4] This means that the safe harbor period commenced on May 10, 2016 (the date Plaintiff filed the Notice). Twenty-one days after May 10, 2016 is May 31, 2016. However, when a party may or must act within a specified time after service, and service is made under

---

[3] The portion of Defendants' Motion to Strike (Doc. 123) requesting that the Court bar Plaintiff from filing a Motion for Sanctions is deemed moot.

[4] Plaintiff argues that he served the Notice (Doc. 119) under Fed. R. Civ. P. 5(b)(2)(E), which states that service is effective by "sending it by electronic means if the person consented in writing." Plaintiff contends that "[b]y using the Court's electronic case filing system, Defendants have consented in writing, and service was proper under Rule 11." (Doc. 131 at 1).

Rule 5(b)(2)(E), three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d) (three days also are added when service is made under Rule 5(b)(2)(C), (D), or (F)); *see also Carruthers v. Flaum*, 450 F. Supp. 2d 288, 305 (S.D.N.Y. 2006) (explaining that if a motion for Rule 11 sanctions was served via first class mail (Rule 5(b)(2)(C)), the safe harbor period is extended by three days pursuant to Rule 6, thereby giving the non-moving party "24 rather 21 days within which to respond"); *Bosley v. WFMJ Television, Inc.*, No. 04-55034, 2006 WL 2474961, at *8 (N.D. Ohio Aug. 6, 2006) ("Rule 6[d] applies to Rule 11 because Rule 11 requires nonmoving parties to act or take a proceeding by withdrawing or refusing to withdraw their offending motions within twenty-one days after the moving party serves a motion for sanctions.").[5]

Applying Rule 6(d), Defendants had until June 3, 2016 (three days after May 31, 2016) to withdraw their Motion for Reconsideration and escape the threat of possible Rule 11 sanctions. But Plaintiff filed his Motion for Sanctions (Doc. 125) on June 1, 2016—two days before the safe harbor period expired.[6] Plaintiff's failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions. *See Bosley*, 2006 WL 2474961, at *3 (concluding that because plaintiffs served their intent to seek sanctions by electronic means (fax) and regular mail, the safe harbor period ran for a total of twenty-four days and denying sanctions because plaintiffs filed their motion for sanctions one day too early); *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) ("A motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision."); *Barber*, 146 F.3d at 710-11 ("An award of sanctions cannot be upheld" where the movant does not comply with the twenty-one day notice requirement); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (affirming district court's ruling that there was "no basis" for awarding Rule 11

---

[5] Fed. R. Civ. P. 6(d) was previously numbered Rule 6(e).

[6] Plaintiff electronically filed the Motion for Sanctions twice on June 1, 2016. The first filing did not attach the exhibits to the Motion. (Doc. 124). Plaintiff again filed the Motion with the exhibits attached. (Doc. 125). Both filings are captioned as "Motion for Sanctions re: Doc 111." The Clerk of Court docketed the second filing as "Amended First Motion for Sanctions re: 111 Motion for Reconsideration."

sanctions where moving party did not comply with safe harbor provision); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (reversing district court's grant of Rule 11 sanctions where the moving party failed to comply with the safe harbor provision); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) ("We must reverse the award of sanctions when the [moving] party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous.").

For the above reasons, Defendants' "Motion to Strike or Summarily Deny Motion for Sanctions (doc. 125)" (Doc. 127) will be granted.

## II. CONCLUSION

For the above reasons,

**IT IS ORDERED** denying Defendants' "Motion for Clarification of an Order (Doc. 104)" (Doc. 120).

**IT IS FURTHER ORDERED** denying in part and granting in part Defendants' "Motion to Strike Stacey [sic] Estes Scheff's Limited Notice of Appearance (DKT. 118) and Request to Provide Guidance" (Doc. 122) as set forth herein.

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Strike Notice of Intent to Seek Sanctions and Exhibit (DKTS. 119, 119-1) and to Bar Motion for Sanctions" (Doc. 123).

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's "Notice of Intent to Seek Sanctions" (Doc. 119).

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Strike or Summarily Deny Motion for Sanctions (doc. 125)" (Doc. 127).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Sanctions Re: Doc 111" (Doc. 125).

Dated this 27th day of July, 2016.

_____
Eileen S. Willett
United States Magistrate Judge