WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Michael Folta, | No. CV-14-01562-PHX-PGR (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Van Winkle, et al., | |
| Defendants. | |

The Court has reviewed Defendants Contreras and Burke's "Motion for Reconsideration of a Non-Dispositive Pretrial Order (DKT. 103)" (Doc. 111). For the reasons discussed herein, the Motion for Reconsideration is denied in part and granted in part.[1]

## I. BACKGROUND

Plaintiff alleges that he was assaulted by Defendant Burke while Defendant Burke was employed as a Correctional Officer II at the Arizona Department of Corrections ("ADC"). (Doc. 60 at 3). On January 14, 2016, the Court granted in part and denied in part Plaintiff's "Motion to Compel Production of Documents" (Doc. 76). The Court ordered Defendants to produce "any and all disciplinary history" pertaining to Defendant

---

[1] Plaintiff has filed a response in opposition (Doc. 117). Because the Court did not order Plaintiff to respond to the Motion for Reconsideration, Plaintiff's filing is stricken. See LRCiv 7.2(g)(2) ("No response to a motion for reconsideration . . . may be filed unless ordered by the Court . . . .").

Burke by February 16, 2016. (Doc. 84 at 4). On February 8, 2016, Plaintiff filed a "Motion to Compel Re: defendants Disciplinary history on Defendant Burke . . ." (Doc. 90). Plaintiff attached to his Motion a transmittal cover sheet from defense counsel, dated February 3, 2016, that states "Enclosed please find Defendant Burke's Disciplinary History." (*Id*. at 4). Enclosed with the cover sheet is a one page notice of dismissal dated July 22, 2014 from ADC to Defendant Burke. (*Id*. at 5). The notice of dismissal does not state the reasons for Defendant Burke's dismissal. Defendants did not enclose any additional disciplinary history or information regarding Defendant Burke with the February 3, 2016 transmittal letter.

In their Response to Plaintiff's Motion to Compel (Doc. 97), Defendants argued that the February 3, 2016 transmittal complied with the Court's January 14, 2016 Order (Doc. 84). The Court concluded otherwise. In its April 4, 2016 Order granting Plaintiff's Motion to Compel, the Court explained that because Defendant Burke's termination from ADC has not been in dispute,

> the Order that Defendants produce "any and all disciplinary history" pertaining to Defendant Burke intended to encompass all documents ancillary to any official disciplinary action taken against Defendant Burke. Such documents would include those that indicate the reasons for taking disciplinary action against Defendant Burke or relate to investigations of Defendant Burke's conduct. The Court therefore orders that by **April 18, 2016**, Defendants shall produce all grievances and Information Reports (IRs) pertaining to Defendant Burke. By **April 18, 2016**, Defendants also shall produce any and all other documents that Defendants do not classify as a "grievance" or "Information Report," but indicate any of the following: (i) the reasons for Defendant Burke's dismissal from ADC; (ii) conduct that Defendant Burke engaged in that constitutes grounds for disciplinary action or dismissal; or (iii) allegations/statements from any individual that Defendant Burke engaged in misconduct while employed by ADC.

(Doc. 103 at 3).

On April 18, 2016, Defendants filed a Notice (Doc. 108) indicating that they

partially complied with the Court's Order (Doc. 103) by producing three Administrative Inquiries, an Administrative Investigation document, and a Memorandum from Warden Credio to Defendant Burke. On April 25, 2016, Defendants filed a Motion for Reconsideration seeking "reconsideration or clarification as to other reports and documents that may involve Defendant Burke but are unrelated to the Plaintiff's instant claims." (Doc. 111 at 10). Specifically, Defendants object to (i) the production of "documents unrelated to Plaintiff regarding conduct that Defendant Burke engaged in that constitutes grounds for disciplinary action or dismissal where no disciplinary action was taken" and (ii) the production of "documents unrelated to Plaintiff regarding allegations/statements from any individual that Defendant Burke engaged in misconduct while employed by the ADC." (*Id*. at 10).

## II. DISCUSSION

### A. Review of Motions for Reconsideration

Motions for reconsideration should be granted only in rare circumstances. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); s*ee also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."); *Harsco Corp. v. Zlotmicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through – rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F.Supp 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983)).

### B. Discovery in Eighth Amendment Excessive Force Claims

The core issue in a case accusing prison officials of using excessive physical force

in violation of the Eighth Amendment is "whether force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian et al.*, 503 U.S. 1, 7 (1992). There is no constitutional violation if force is applied in a good faith effort to restore discipline and order and not "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (stating that under the Eighth Amendment, courts look for malicious and sadistic force, not merely objectively unreasonable force). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement*, 298 F.3d at 903 (citing *Graham v. Connor*, 490 U.S. 386, 398 (1989)).

"[A]ctions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997); *see also Burke v. New York City Police Dept.*, 115 F.R.D. 220, 225 (S.D.N.Y. 1987) ("the overriding policy is one of disclosure of relevant information in the interest of promoting the search for the truth in a federal question case"). Courts have permitted civil rights litigants to discover prior complaints against defendant officers regardless of whether the complaints were substantiated or unsubstantiated. *See, e.g.*, *Cox*. 174 F.R.D. at 35 ("[T]he fact that a prior complaint was determined to be unfounded does not bar its discovery."); *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) ("Civilian complaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable. The names of complainants and the circumstances of the recorded complaints, among other things, may well lead to admissible evidence."); *see also Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005) ("In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable.").

As one district court has explained, "[t]he discoverability of prior and subsequent complaints of excessive force derives from the general rule of Rule 404(b) which permits

- 4 -

introduction [as part of a party's case-in-chief evidence] of other wrongful acts for any relevant purpose other than to show propensity." *Gross v. Lunduski*, 304 F.R.D. 136, 145 (W.D.N.Y. 2014) (citation omitted and internal quotation marks omitted); Fed. R. Evid. 404(b)(2) (providing that evidence of crimes, wrongs, or other acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident). "That the prejudicial effect of unsubstantiated complaints might outweigh their probative value is something to be addressed when considering their admissibility as evidence, not their discoverability." *Gibbs v. City of N.Y.*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007).

### C. Analysis

In support of their Motion for Reconsideration, Defendants argue that "[i]nmates' unsubstantiated allegations of Defendant Burke's misconduct that does not involve this incident, or conduct that Defendant Burke engaged in that does not constitute grounds for disciplinary action or dismissal that does not involve this incident are not relevant to the claims and allegations in this case." (Doc. 111 at 10). Defendants further argue that "[i]f not connected to Plaintiff's alleged assault claim here, such evidence will do nothing to prove the elements of Plaintiff's claims . . . . As such, anything other than reports related to this assault are irrelevant and should not be produced." (*Id*.).

For Plaintiff to succeed on his Eighth Amendment excessive force claim, he must prove that Defendant Burke used "malicious and sadistic force," not merely objectively unreasonable force. *Clement*, 298 F.3d at 903. "[S]imilar act evidence offered to show a defendant's intent is admissible in a Section 1983 case because the defendant's intent is a relevant element of the constitutional tort." *Gross*, 304 F.R.D. at 145 (citation and internal quotation marks omitted); *see also Henderson v. San Francisco*, No. C05-0234 VRW/WAF, 2007 WL 2938164, at *3-4 (N.D. Cal. 2007) (holding that evidence of defendant deputy sheriff's use of excessive force on other occasions was admissible in a prisoner excessive force action to show motive, intent, or plan); *Eng. v. Scully*, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) ("Evidence of incidents involving Defendants' use of

- 5 -

force is probative of their intent or motive in the instant case. A plaintiff in an excessive force case is entitled to prove by extrinsic evidence of other instances that the police officer defendant acted 'maliciously and sadistically for the very purpose of causing harm.") (citation and internal quotation marks omitted); *Carson v. Polley*, 689 F.2d 562, 571-72 (5th Cir. 1982) (holding that performance reports stating that defendant officer needed to "'work on controlling temper and personal feelings' because he 'tends to get into arguments with inmates, lets his temper flare up too quickly'" were admissible to show officer's "intent to do harm to [plaintiff]" on the day in question).

The documents that the Court has ordered Defendants to produce may contain evidence that Plaintiff may use to negate a claim of mistake or accident or to show Defendant Burke's motive, intent, or plan with respect to the alleged assault. *See* Fed. R. Evid. 404(b)(2); *Carson*, 689 F.2d at 573 ("Loss of temper and consequent intentional hostility towards other detainees on earlier occasions made it more likely that a similar intent was present in [defendant's] conduct towards [Section 1983 plaintiff]."). In addition, the documents may contain evidence that Plaintiff may use to show bias or to impeach Defendant Burke's credibility on cross-examination. *See* Fed. R. Evid. 608(b); *Barkley v. City of Klamath Falls*, 302 F. App'x 705, 706 (9th Cir. 2008) ("Evidence of bias, admissible under Fed. R. Ev. 404(b), is probative impeachment evidence."). To reiterate, the possibility that the prejudicial effect of such evidence might outweigh its probative value "is something to be addressed when considering their admissibility as evidence, not their discoverability." *Gibbs*, 243 F.R.D. at 96. Plaintiff is entitled to discover the documents that the Court has ordered Defendants to produce. However, to address the security concerns raised by Defendants, the Court will allow Defendants to make certain redactions. The Court will direct Defendants to produce to the Court for an *in camera* inspection an unredacted and a proposed redacted version of the documents.

## III. CONCLUSION

For the above reasons,

**IT IS ORDERED** denying in part and granting in part Defendants Contreras and Burke's "Motion for Reconsideration of a Non-Dispositive Pretrial Order (DKT. 103)" (Doc. 111) as set forth herein.

**IT IS FURTHER ORDERED** affirming the Court's April 4, 2016 Order (Doc. 103), except that Defendants may present for an *in camera* inspection proposed redactions of the following information from the documents required to be produced: (i) employees' first names and (ii) any other security-sensitive information, provided that the proposed redactions are made in such a way that they do not materially impede Plaintiff's ability to decipher relevant information contained in the documents.

**IT IS FURTHER ORDERED** that unless Defendants file an objection to the Order (Doc. 103) with the District Judge,[2] Defendants shall produce for an *in camera* inspection an unredacted and a proposed redacted version of the documents no later than **fourteen days** after this Order is filed. The documents shall be hand-delivered to the undersigned's chambers. Each document shall be Bates-stamped in the lower right corner to assist the Court in its review of the proposed redactions. The Court will identify documents to be released to Plaintiff by referring to the Bates-stamp numbers.

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's May 2, 2016 filing, docketed as "Response to Motion for Reconsideration" (Doc. 117).

Dated this 27th day of July, 2016.

_____
Eileen S. Willett
United States Magistrate Judge

---

[2] The deadline for objections to the April 10, 2016 Order (Doc. 103) is fourteen days after the date this Order is filed. (Doc. 110).