WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Shawn Michael Folta,

    Plaintiff,

v.

Jeffrey Van Winkle, et al.,

    Defendants.

No. CV-14-01562-PHX-PGR (ESW)

**ORDER**

This Order addresses Plaintiff's pending "Motion to Compel Discovery" (Doc. 175). For the reasons set forth herein, the Motion (Doc. 175) will be denied.

## I. DISCUSSION

### A. Procedural History Relevant to the "Motion to Compel Discovery" (Doc. 175)

On April 20, 2015, the Court issued a Scheduling Order setting December 16, 2015 as the deadline for completing all discovery in this case. (Doc. 34 at 2). On December 14, 2015, Plaintiff filed a "Motion to Compel Production of Documents" (Doc. 76), in which Plaintiff requested an order compelling Defendants to produce disciplinary history for Defendants Burke, Basso, and Schiavo.[1] On January 14, 2016, the Court

---

[1] The Motion to Compel (Doc. 76) initially included a request for an order requiring the production of Defendant Contrares' disciplinary history. However, in her Response (Doc. 80), defense counsel stated that Defendant Contrares' timely responded to Plaintiff's discovery request. Plaintiff amended his request to include the disciplinary history for Defendants Burke, Basso, and Schiavo only (Docs. 81, 82).

granted the Motion (Doc. 76) as to Defendant Burke. (Doc. 84 at 4). The Court denied the Motion (Doc. 76) as to Defendants Basso and Schiavo because Defendant Basso had not yet been served and Defendant Schiavo had not yet been made a party. (*Id.*).

On February 8, 2016, Plaintiff filed a second Motion to Compel (Doc. 90), asserting that Defendant Burke failed to comply with the Court's Order (Doc. 84). The Court granted Plaintiff's Motion (Doc. 90) and ordered Defendant Burke to produce certain specified documents relating to his employment with the Arizona Department of Corrections. (Doc. 103 at 2-3). The Order set May 2, 2016 as the deadline for producing the documents. (*Id.* at 3). The Order also states: "For clarity of the record, the discovery deadline of December 15, 2015 is extended to May 2, 2016 only as to the records ordered to be produced herein." (*Id.*). Defendants Contreras and Burke moved the Court to reconsider the Order, which the Court granted in part and denied in part. (Docs. 111, 140). Defendants Contreras and Burke then appealed the Order to the assigned District Judge. (Doc. 143).

Defendant Basso appeared on May 20, 2016 (Doc. 121). Defendant Schiavo appeared on July 8, 2016 (Doc. 138). Plaintiff does not contravene Defendants' assertion that no discovery was served on Defendants Basso and Schiavo after their appearances. (Doc. 178 at 4).

In January 2018, the case was reassigned to another District Judge. (Doc. 164). On January 17, 2018, the newly assigned District Judge affirmed the Court's Order (Doc. 103) requiring Defendant Burke to produce certain employment documents. (Doc. 169).

The Court held a status conference on February 20, 2018. (Doc. 174). During the status conference, Plaintiff's counsel indicated that there was an outstanding discovery issue. The Court directed Plaintiff to file a motion delineating what discovery dispute remains pending. On February 23, 2018, Plaintiff filed the pending "Motion to Compel Discovery," which states that "Plaintiff, via counsel, reasserts his discovery motion at Doc. 76." (Doc. 175 at 1).

**B. Analysis of the Pending "Motion to Compel Discovery" (Doc. 175)**

Before filing a motion to compel discovery, parties must confer, or attempt to confer, in "good faith." Fed. R. Civ. P. 37(a). Rule 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule of Civil Procedure ("LRCiv") 7.2(j), as well as this Court's Scheduling Order (Doc. 34 at 3), further requires personal or telephonic consultation between the parties prior to the filing of a motion to compel. Denial of Plaintiff's "Motion to Compel Discovery" (Doc. 175) is warranted for the reason that it does not include the certification required by Federal Rule of Civil Procedure 37 and LRCiv 7.2(j). Denial is also warranted on the basis that the Motion is untimely, as explained below.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id.* at 609. If the movant "was not diligent, the inquiry should end." *Id.*

In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Id.* at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to

amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996); *see also Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

Here, the Court set December 16, 2015 as the discovery deadline. (Doc. 34 at 2). Plaintiff has not filed a motion requesting a modification of this deadline. Accordingly, Plaintiff's Motion to Compel (Doc. 175) may be denied as untimely. *See Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104. The Motion (Doc. 175) may be denied even if treated as a de facto motion to extend the discovery deadline, as discussed below.

The Motion (Doc. 175) explains that "[a]fter two years of waiting for a ruling on the issue of Defendant Burke's history, undersigned counsel assumed that the case would be placed back on a discovery schedule because additional defendants had been added and served in the intervening time." (*Id.* at 4). The Court notes that on October 17, 2016, Plaintiff filed a "Motion for Clarification" (Doc. 150) that requested clarification as to the deadline for the production of Defendant Burke's disciplinary history in accordance with the Court's Order (Doc. 103). The Motion for Clarification, which was filed <u>after</u> Defendants Basso, Schiavo, and Contrares appeared, did not mention any discovery issues as to those Defendants. Defendant Contrares appeared in this action in January 2015, well in advance of the discovery deadline. (Doc. 18). At no point did Plaintiff or Plaintiff's counsel (i) seek an extension of the discovery deadline or (ii) request clarification as to the discovery deadline pertaining to Defendants Basso, Schiavo, and

Contrares.

Plaintiff's counsel entered a Notice of Appearance on May 25, 2017.[2] (Doc. 160). In her Reply, Plaintiff's counsel indicates that discovery as to Basso, Schiavo, and Contrares was not conducted for the reason that if such discovery was propounded, "it would have been met with the same vigorous resistance that opposing counsel has thrown at *everything* in this case. . . . Now that the Court has ordered Burke's history in full, Plaintiff has reason to believe that discovery attempts would not be futile." (Doc. 181 at 3) (emphasis in original). Even if Plaintiff's Motion to Compel (Doc. 175) is construed as a de facto motion to extend the discovery deadline, Plaintiff has not shown the requisite diligence justifying a modification of the Scheduling Order. *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (plaintiff's four-month delay in seeking relief from dates in scheduling order evidenced lack of sufficient diligence to modify scheduling order deadlines).

For the above reasons, Plaintiff's "Motion to Compel Discovery" (Doc. 175) is denied.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion to Compel Discovery" (Doc. 175).

Dated this 9th day of April, 2018.

*/s/ Eileen S. Willett*
Eileen S. Willett
United States Magistrate Judge

---

[2] Ms. Scheff previously appeared in this matter in a limited scope capacity pertaining to a Motion for Sanctions. (Doc. 118).