1 WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Michael Folta,<br><br>    Plaintiff,<br><br>v.<br><br>Jeffrey Van Winkle, et al.,<br><br>    Defendants. | No. CV-14-01562-PHX-PGR (ESW)<br><br>**ORDER** |

Pending before the Court is Defendants' "Motion to Extend the Time to File Dispositive Motions (Third Request)" (Doc. 186).

On May 21, 2018, upon Defendants' request, the Court clarified that the Court set the dispositive motion deadline "for 45 days from the date of the Court's ruling on the Joint Motion for Protective Order (Doc. 172)." (Doc. 185). On May 25, 2018, Defendants moved for a forty-five day extension of the dispositive motion deadline. (Doc. 186). Plaintiff has filed a Response (Doc. 187) in opposition, to which Defendants have not replied.

A party who seeks to extend an expired deadline must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (time may be extended "on motion made after the time has expired if the party failed to act because of excusable neglect"). An excusable neglect determination "is a decision committed to the discretion of the district court." *In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 974 (9th Cir. 2007). The decision is at

bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission[,]" including (i) the danger of prejudice to the other party, (ii) the length of delay and its potential impact on judicial proceedings, (iii) the reason for the delay, and (iv) whether the party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 395 (1993).

As to the first two factors above, the Court does not find that extending the dispositive motion deadline for an additional forty-five days would prejudice Plaintiff or adversely impact this proceeding. As to the third factor, defense counsel explains that she did not interpret the February 20, 2018 Minute Entry as actually setting a dispositive motion deadline. (Doc. 186 at 5). Instead, defense counsel interpreted the Minute Entry as stating that the Court would later set the dispositive motion deadline "in forty-five days, after the date of the ruling on the Joint Motion for Protective Order, as there were outstanding discovery disputes." (*Id.*). Plaintiff incorrectly asserts that "the order setting the deadline made no mention of discovery disputes." (Doc. 187 at 4). The Court's February 20, 2018 Minute Entry recounts that at the telephonic conference Plaintiff's counsel "indicate[d] that a discovery matter may be pending." (Doc. 174 at 1). The Court set February 23, 2018 as the deadline for Plaintiff's counsel to file a discovery dispute motion. *Id.* On February 23, 2018, Plaintiff filed a "Motion to Compel Discovery" (Doc. 175), which the Court denied on April 10, 2018. (Doc. 182). Given the outstanding discovery dispute, the Court finds that Defendants have provided an acceptable explanation for their misinterpretation of the Court's February 20, 2018 Minute Entry (Doc. 174). Moreover, the Court notes that Defendants acted in good faith by promptly moving for clarification of the dispositive motion deadline after receiving correspondence from Plaintiff's counsel regarding setting a trial date. (Doc. 183).

Based on the foregoing, the Court finds excusable neglect to warrant an extension of the dispositive motion deadline. Accordingly,

**IT IS ORDERED** granting Defendants' "Motion to Extend the Time to File Dispositive Motions (Third Request)" (Doc. 186).

1    **IT IS FURTHER ORDERED** setting **August 20, 2018** as the deadline for filing
2    dispositive motions.

     Dated this 5th day of July, 2018.

     _____
     Eileen S. Willett
     United States Magistrate Judge